## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| **TERAMORE DEVELOPMENT, LLC, et al.** | ) | |
| **Petitioners,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | **1:20-cv-00263-LAG** |
| | ) | |
| **CITY OF AMERICUS CITY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PETITIONERS' REPLY TO DEFENDANTS' RESPONSE TO PETITIONERS' NOTICE OF ADDITIONAL AUTHORITY

Come now Petitioners Teramore Development, LLC, Spring Hill Land Trust, Perry Brothers Oil Company, Inc. and HVJSR, LLC (collectively "Petitioners") and reply to Defendants' Response to Petitioners' Notice of Additional Authority ("Response") [Doc 37] as follows:

## I.     INTRODUCTION

On August 19, 2021, Petitioners provided notice to this Court of the Georgia Supreme Court's recent decision in IDI Logistics, LLC v. City of Douglasville, -- Ga. --, -- S.E.2d --, 2021 WL 3613668 (Supreme Court Docket #S21D1267 Aug. 16, 2021) ("Notice") [Doc. 36].  In providing notice of the IDI Logistics decision,

Petitioners did not argue the specific application of the decision in this case.  Rather, after briefly summarizing the case, Petitioners merely advised this Court as follows:

> Because Chief Justice Nahmias and Justice Warren, *sua sponte*, raised the issue of whether certiorari was/is the proper method for challenging a zoning denial under Georgia law, such statements are manifestly relevant to this Court's consideration of Petitioners' Motion to Dismiss.

(Notice, p. 2.)  In short, Petitioners simply noted that an issue relevant to Defendants' Motion to Dismiss in this case (to wit: the proper method for challenging the denial of a rezoning application) was also implicated in the cited new authority.

In their Response, without disputing that the proper method for challenging the denial of a rezoning application was implicated in both this case and in <u>IDI Logistics</u>, Defendants opted to provide additional argument in support of their Motion to Dismiss.[1]   In an abundance of caution, and in order to clarify several misleading statements by Defendants, Petitioners submit this short Reply in order to ensure accurate consideration of the new authority.

## II.    ARGUMENT

In their Response, Defendants argue that "neither the majority of the Georgia Supreme Court, nor the two concurring Justices, adopted Petitioners' argument herein that zoning decisions are always legislative."  (Response, p. 1.)  Defendants' statement is deceptive at best insofar as no argument was "adopted" by <u>any</u> members

---

[1]    Petitioners note that Defendants did not seek permission to file additional briefing.  (See Local Rule 7.3.1(C).)

of the Court in <u>IDI Logistics</u>, because the issue in question (the proper method of appeal of a rezoning denial) was not presented to the Court for consideration. Petitioners have not suggested otherwise.  However, the fact that Chief Justice Nahmias and Justice Warren, nevertheless, went out of their way to issue a concurring opinion addressing an issue that the parties and the Superior Court failed to address, strongly suggests that at least two Justices of the Supreme Court have concerns that the assumptions of the parties and the Superior Court (notably that certiorari was the proper avenue to appeal a rezoning decision) may have been erroneous.  Of course, as the Justices recognize, because the issue was not raised, they could not "adopt an argument" on the issue.

Perhaps recognizing the position the two Justices may be signaling they might take on this issue (that certiorari is not the appropriate avenue of appeal for a rezoning denial), Defendants attempt to walk back their own position on the issue in this case, stating that "Defendants have never argued that challenges to zoning decisions can only be brought via certiorari." (Response, p. 1.)  With all due respect, this statement wholly misses the point of both the concurrence in <u>IDI Logistics</u> and the underlying arguments in this case.  In their concurrence, Justices Nahmias and Warren did not address their comments to <u>all</u> zoning decisions, but instead, only to "a party challenging the denial of a rezoning application" – in other words, an "individualized zoning decision."  In Defendants' Reply Brief in Support of

Consolidated Motion to Dismiss ("Reply Brief") [Doc. 33], Defendants state, "The language in <u>Flowers</u> demonstrates the new approach and shows that the Georgia Supreme Court now views individualized zoning decisions as quasi-judicial." (Reply Brief, p. 3.)  Although Defendants' statement was limited to "individualized zoning decisions" as opposed to "all" zoning decisions, such a distinction would then be directly in line with the <u>IDI Logistics</u> concurrences' comment.  As such, Defendants <u>have</u> asserted that all rezoning application denials are quasi-judicial and subject to appeal by certiorari to the Superior Court.  Chief Justice Nahmias and Justice Warren clearly are not convinced of this position.

Petitioners also note that Defendants' comment that Chief Justice Nahmias and Justice Warren cited to "pre-<u>Flowers</u> case law" (Response, p. 1) without providing further explanation is misleading.  In fact, reference to "pre-<u>Flowers</u> case law" in the <u>IDI Logistics</u> concurrence was to suggest that the "pre-<u>Flowers</u> case law" would be at odds with <u>Flowers</u> and <u>Diversified Holdings, LLP v. City of Suwanee</u>, 302 Ga. 597 (2017), if <u>Flowers</u> and <u>Diversified</u> were deemed to establish that the proper avenue of appeal to the Superior Court for the denial of a rezoning application was by way of certiorari.  The two concurring Justices indicate that they are "less certain" that such a reading of <u>Flowers</u> and <u>Diversified</u> is accurate.  <u>IDI Logistics</u>, -- S.E.2d --, 2021 WL 3613668, *2.

Defendants' assertion that they "have pointed to all the post-<u>Flowers</u> case law showing that it is the nature of the decision below that determines whether a zoning decision is quasi-judicial" is, again, misleading.  In Defendants' Reply Brief, Defendants point to only one case that involved the denial of a <u>rezoning</u> application -- <u>Diversified</u>.  As is discussed in greater detail in Petitioners' Brief in Response to Defendants' Motion to Dismiss [Doc. 32], the Georgia Supreme Court's analysis in <u>Diversified</u> was limited to the proper method of appeal <u>from</u> the Superior Court, not <u>to</u> the Superior Court.  Clearly, Chief Justice Nahmias and Justice Warren are also not convinced that <u>Diversified</u> should be applied to appeals <u>to</u> the Superior Court. In fact, Justices Nahmias and Warren expressly note in their parenthetical describing the holding in <u>Diversified</u>, that the holding involved "whether discretionary applications under O.C.G.A. § 5-6-35(a)(1) must be filed instead of notice of appeal under O.C.G.A. § 5-6-34(a)(1)." <u>IDI Logistics</u>, -- S.E.2d --, 2021 WL 3613668, *2. As such, Justices Nahmias and Warren recognize that <u>Diversified</u> is limited to the proper procedure for appeal <u>from</u> the Superior Court.[2]

---

[2]    Oddly, Defendants assert that "the two Justices … interpreted the <u>Diversified Holdings</u> decision as Defendants have interpreted it." (Response, p. 2).  At best, one can say that Defendants have assiduously avoided this topic.  Certainly, Defendants have not previously recognized any such limitation on the application of <u>Diversified</u> to appeals <u>from</u> the Superior Court.  Nevertheless, Petitioners welcome Defendants' clarification with respect to their agreement with the Concurrence's characterization of the holding in <u>Diversified</u>.

Finally, Defendants note the quality of the counsel involved in <u>IDI Logistics</u> and suggest that both they and the Superior Court "took it as a given that the proper was to challenge the City's rezoning denial was via certiorari." <u>IDI Logistics</u>, -- S.E.2d --, 2021 WL 3613668, *2.  This statement appears to be an exaggeration of the positions taken in the underlying matter.  In their concurrence, Chief Justice Nahmias and Justice Warren merely noted that "IDI does not dispute, as part of this discretionary application, that O.C.G.A. § 5-4-1 et seq. was the correct procedural mechanism." <u>Id</u>., at 1.  "Does not dispute" is not the same as "takes it as a given." Merely because the issue was not raised in the application for discretionary appeal does not mean that it was "taken as a given" that certiorari was proper.  The applicant simply opted (for whatever reason) to address other issues on appeal.   The applicant's reason for doing so is nothing more than speculation by Defendants.

### III.   CONCLUSION

In short, although Petitioners recognize that a concurrence with respect to the decision to deny an application for discretionary appeal is not <u>binding</u> with respect to the same issue in this case, it is nevertheless notable given the rare decision of the Chief Justice and Justice Warren to utilize the Supreme Court's denial of an application for discretionary appeal as an opportunity to question the precise issue that has been raised in this case.  As such, the decision is worthy of this Court's notice and consideration with respect to Defendants' Motion to Dismiss.

Respectfully submitted, this 4th day of October, 2021.

**JARRARD & DAVIS, LLP**

*/s/ Paul B. Frickey*
Ken E. Jarrard
Georgia Bar No. 389550
Paul B. Frickey
Georgia Bar No. 277130
Molly N. Esswein
Georgia Bar No. 912457

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 – telephone
(678) 455-7149 – facsimile
kjarrard@jarrard-davis.com
pfrickey@jarrard-davis.com
messwein@jarrard-davis.com                    *Attorneys for Petitioners*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| **TERAMORE DEVELOPMENT,** | ) | |
| **LLC, et al.** | ) | |
| **Petitioners,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | **1:20-cv-00263-LAG** |
| | ) | |
| **CITY OF AMERICUS CITY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to LR 5 (M.D.Ga.), I have this day served a copy of the within and foregoing **PETITIONERS' REPLY TO DEFENDANTS' RESPONSE TO PETITIONERS' NOTICE OF ADDITIONAL AUTHORITY** upon all parties to this matter by emailing a copy of same to counsel of record listed below and by electronically filing a copy of same with the Clerk of Court via the Court's CM/ECF system, which will automatically send email notice of same to the following attorneys of record:

Dana K. Maine
William J. Linkous III
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
Email: dmaine@fmglaw.com
wlinkous@fmglaw.com

F. Thompson Coleman, III
Drew Eckl Farnham LLP
1604 W. Third Avenue
Albany, GA 31707
colemant@deflaw.com

This 4th day of October, 2021.

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)
kjarrard@jarrard-davis.com
pfrickey@jarrard-davis.com
messwein@jarrard-davis.com

**JARRARD & DAVIS, LLP**
 /s/ *Paul B. Frickey*
Ken E. Jarrard
Georgia Bar No. 389550
Paul B. Frickey
Georgia Bar No. 277130
Molly N. Esswein
Georgia Bar No. 91257

*Attorneys for Petitioners*